UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MAHFOOZ AHMAD,                                     :
                Plaintiff,
                                        :            ORDER
         -against-                            20 Civ. 4507 (AT) (GWG)
                                        :
COLIN DAY, et al.,
                                        :

                Defendants.   :
-------------------------------------------------------X
GABRIEL W. GORENSTEIN, United State Magistrate Judge

      Defendants have moved to compel arbitration and, if the arbitration is ordered, to either stay or dismiss the case. See Motion to Compel Arbitration, filed January 8, 2021 (Docket # 24). The plaintiff has moved for expedited discovery. See Request for Extension of Time, filed January 13, 2021 (Docket # 26) ("Pl. Let."). Defendants have opposed that request and also moved to stay any discovery pending the resolution of their motion to compel arbitration. See Letter Motion to Stay, filed January 19, 2021 (Docket # 28). Plaintiff responded to the defendants' motion to stay by arguing that he requires expedited discovery. See Plaintiff Reply in Support of Expedited Discovery, filed February 12, 2021 (Docket # 33) ("Pl. Reply Let.").

      We begin by addressing defendants' motion to stay discovery.

      "[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation and quotation marks omitted). In deciding whether good cause has been shown pending a dispositive motion, courts consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." Id.; accord Al Thani v. Hanke, 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (applying the three-part test as to a motion to stay pending arbitration).

      These factors arguably should be evaluated differently where a motion to compel arbitration is involved rather than a motion to dismiss. As one court has noted:

> When a dispositive motion would remove the litigation to another forum, good cause may require a stay. See Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987) (upholding trial court's decision to stay discovery pending decision on forum non conveniens motion, because permitting discovery would defeat the purpose of the motion). Motivated by this same concern, courts in this Circuit have stayed discovery pending the resolution of a motion to compel arbitration without even investigating the three-part test cited above. . . . Citing . . . concern for judicial economy, many other courts have followed suit, one going so far as to observe that "the general practice of district courts," is to

>  impose "a stay of discovery . . . while the motion to compel arbitration [i]s
>  pending." Intertec Contracting Turner Steiner Int'l, S.A., No. 98 CIV. 9116
>  (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) . . .

Dome Tech., LLC v. Golden Sands General Contractors, Inc., 2017 WL 11577923, at *1-2 (D. Conn. July 24, 2017); accord Stiener v. Apple Computer, Inc., 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("In the interests of conserving the resources of the parties, a short stay of . . . discovery pending the determination of the motion to compel arbitration is . . . prudent. Indeed, this is a common practice while motions to compel [arbitration] are pending.") (citations omitted); see also Ross v. Bank of America, N.A. (USA), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (granting a stay of discovery merely because there were "threshold issues concerning arbitration"). In other words, there is a strong case to be made that a motion to stay discovery pending a motion to compel arbitration ─ unlike a motion to stay discovery pending a motion to dismiss ─ should be granted absent compelling reasons to deny it.

It is not necessary to parse the proper standard further, however because the plaintiff has not countered defendants' arguments on the merits with respect to the effect of the arbitration provision. And having examined defendants' motion, it presents for the most part "substantial arguments for dismissal," which is sufficient to meet the first good cause factor. See Hong Leong Fin., 297 F.R.D. at 72 (citation and quotation marks omitted).

There is one aspect of the defendants' motion, however, that is directly challenged by plaintiff and, if factually true, would potentially defeat it. The defendants' motion depends of course on its proffer of evidence showing that the plaintiff in fact agreed to arbitrate. Specifically, defendants assert that plaintiff agreed to an "Employee Confidentiality & Proprietary Rights Agreement" (the "Employee Confidentiality Agreement"), which contains an arbitration clause. See Memorandum of Law in Support of Motion to Compel Arbitration at 8-9, filed January 8, 2021 (Docket # 25). Defendants contend that plaintiff signed this Employee Confidentiality Agreement before he began work and three times during the course of his employment. Id. at 5. The defendants annex the most recent Employee Confidentiality Agreement, which shows that plaintiff signed it electronically. See Employee Confidentiality & Proprietary Rights Agreement, annexed as Exhibit A to Declaration of Lisa M. Griffith in Support of Defendants' Motion to Compel Arbitration, annexed to Notice of Motion ("Griffith Decl."). They also submit plaintiff's offer of employment, which states his offer was contingent on the "execution of the . . . Employee Confidentiality and Proprietary Rights Agreement prior to [his] [s]tart [d]ate[.]" Employment Agreement at 4, annexed as Exhibit D to Griffith Decl.

Plaintiff, however, argues that iCIMS falsified the "Confidentiality Agreement[,]" Pl. Reply Let. at 4, and used other companies to "illegally gain Plaintiff signatures on a misrepresented employment agreement[,]" id. at 3. He also states that the agreement was "never discussed and never provided [to] Plaintiff[.]" Id. at 6. Because the Employee Confidentiality Agreement is a critical underpinning of defendants' motion to compel arbitration, plaintiff's contention that iCIMS falsified his electronic signature on the Employee Confidentiality Agreement potentially lessens the strength of their motion.

The remaining stay factors, the breadth of discovery and any prejudice that would result, weigh in favor of granting a stay. While plaintiff seeks wide-ranging discovery on the merits of the lawsuit, Pl. Let. at 2-4, the only discovery he seeks as to his agreement to arbitrate is narrow: specifically, the "[m]etadata of the alleged acceptance of [the] confidential agreement[.]" Pl. Let. at 3. It presumably will not be burdensome for defendants to respond to this discovery request and thus they can show no prejudice from being required to do so.

Accordingly, the pending motion for a stay of discovery (Docket # 28) is granted except with respect to plaintiff's request for discovery regarding the "[m]etadata of the alleged acceptance of [the] confidential agreement." Defendants shall respond to this request by March 9, 2021.

Plaintiff's motion to expedite discovery (Docket # 26) is otherwise denied as moot in light of the stay of discovery.

The deadline for plaintiff to file his opposition to the motion to compel arbitration is extended to March 23, 2021. Any reply shall be filed within 14 days after the filing of plaintiff's opposition.

SO ORDERED.

Dated: February 22, 2021
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

3