UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
MAHFOOZ AHMAD,                          :
                        Plaintiff,

                                        :         ORDER
            -against-                             20 Civ. 4507 (AT) (GWG)

                                        :

COLIN DAY, et al.,

                                        :

                        Defendants.     :
-----------------------------------------------------X
GABRIEL W. GORENSTEIN, United State Magistrate Judge

      With regard to the parties' recent filings (Docket ## 44, 45), both sides are making the
same mistake.  They are each conflating the issue of what is sufficient proof to show that
plaintiff accepted the agreements with the issue of what defendants must produce in discovery.
These are two separate questions.

      The first issue – sufficient proof -- is not yet being considered by the Court.  The only
issue the parties should be discussing at this time is whether defendants have provided to
plaintiff whatever metadata is available to defendants on the acceptance issue and whether the
metadata has been provided in the appropriate form.  The parties should not be discussing (or
addressing to the Court at this time) whether the defendants' metadata is sufficient or insufficient
to show acceptance.

      Defendants need to understand that they must supply all relevant metadata to plaintiff if it
is available to them.  Plaintiff needs to understand that defendants can only supply the metadata
actually available to them. This should not be a complex issue. The parties are directed to re-read
the Court's orders on this point (Docket ## 40, 43).  It is simply unclear if these orders have been
complied with.

      It appears that defendants plan to obtain more information from their "IT department"
tomorrow.  See Docket # 45 at 3.  It is unclear if plaintiff will be permitted to participate.  In any
event, the parties are directed to confer by telephone again.  If there is a dispute as to the
provision of the metadata, they shall each file a letter by April 14, 2021, explaining exactly what
the dispute is.  These letters shall make no reference to the sufficiency of proof.  Also, the letters
shall not attach any correspondence or emails between the parties.

      The plaintiff's deadline to respond to the motion to compel arbitration is extended to
April 28, 2021.  While plaintiff has made a number of filings already that reflect his opposition,
he must understand that none of them will be considered on the motion to compel arbitration.
Instead, he should put all of his arguments opposing the motion to compel arbitration into a
single filing.

Defendants may reply to plaintiff's opposition to the motion to compel arbitration within 14 days thereafter.

SO ORDERED.

Dated: April 6, 2021

New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge