UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MAHFOOZ AHMAD,        :
      Plaintiff,
              :   ORDER
   -against-            20 Civ. 4507 (AT) (GWG)
              :
COLIN DAY, et al.,
              :
      Defendants. :
-------------------------------------------------------X
GABRIEL W. GORENSTEIN, United State Magistrate Judge

   Plaintiff filed this lawsuit on June 11, 2020, alleging employment discrimination. (Docket # 2). On January 8, 2021, defendants filed a motion to compel arbitration and, if arbitration were ordered, to either stay or dismiss the case. (Docket # 24). After plaintiff made a motion for expedited discovery, see Request for Extension of Time, dated January 12, 2021 (Docket # 26), defendants filed a motion to stay discovery pending the resolution of their motion to compel arbitration, see Letter Motion to Stay, dated January 19, 2021 (Docket # 28). On February 22, 2021, the Court granted defendants' motion to stay discovery pending the disposition of their motion to compel arbitration, except that it granted plaintiff's motion to obtain discovery as to the metadata associated with plaintiff's alleged acceptance of the agreement that contained the arbitration clause. See Order, filed February 22, 2021 (Docket # 34) ("February 22 Order"). Plaintiff thereafter alleged that defendants had failed to comply with the February 22 Order. See Plaintiff's Memorandum of Law in Support to Dismiss Defendants' Request for Arbitration (Surrejoinder), dated March 10, 2021 (Docket # 37). This began a dispute over whether defendants complied with the Court's February 22 Order, and resulted in several Orders issued regarding the production of the metadata (Docket ## 40, 43, 46).

   The parties have now made multiple filings regarding defendants' production of the metadata (Docket ## 37-39, 42, 44-45, 51, 53) which have included arguments regarding whether the defendants' production is sufficient or necessary for it to prevail on its motion to compel arbitration. As the Court has explained, the only issue before the Court with regard to discovery is "whether defendants have provided to plaintiff whatever metadata is available to defendants on the acceptance issue and whether the metadata has been provided in the appropriate form." Order, entered April 6, 2021 (Docket # 46) (emphasis omitted) ("Apr. 6 Order"), at 1.

   Plaintiff now argues that defendants have "faile[ed] to produce responsive metadata." Letter, dated April 22, 2021 (Docket # 51) ("Apr. 22 Let."), at *6.[1] He also suggests that

---

[1] *__ refers to pages assigned by the ECF system.

defendants have objected to his discovery requests and are opposing the production of the metadata.  See Apr. 22 Let. at *7-9.

For their part, defendants have consistently stated that they have produced the metadata available to them.  (See Docket ## 38, 42, 45, 53).  While plaintiff has communicated "11 points identifying . . . significant deficiencies in [defendants'] responses to the discovery requests," Apr. 22 Let. at *3, defendants have "explained to Plaintiff several times that he incorrectly believes that the form of metadata available for Microsoft Word documents exists for the" metadata at issue here, Letter at *1, dated April 28, 2021 (Docket # 53).  Instead, the agreement at issue "exist[s] in a system-based program and therefore, the metadata for such electronic documents does not exist in the form that Plaintiff is demanding; it exists in the form that was produced to Plaintiff."  Id.  Defendants again explain that they "have fully and completely done everything possible to comply with" the Court's Orders "requiring Defendants to produce all metadata available to Defendants on the acceptance issue."  Id.

We have carefully reviewed plaintiff's submissions.  While plaintiff is certainly insistent that there must be unproduced metadata in defendants' possession, he simply does not supply competent evidence that would allow this Court to make that factual finding.  As we have previously noted, "defendants can only supply the metadata actually available to them."  Apr. 6 Order at 1.  Thus, we cannot order the defendants to provide material that they do not have — or, more precisely, we cannot order the defendants to provide the material plaintiff seeks when we do not have a basis for making a factual finding that they are withholding such material.  Accordingly, plaintiff's request for further discovery is denied. [2]

SO ORDERED.

Dated: May 7, 2021
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] Plaintiff also mentions that defendants have "refused to respond to any . . . interrogatories," Apr. 22 Let. at *5.  But the Court in its February 22 order intended only to order the production of the metadata, not to allow any other form of discovery.  Discovery has otherwise been stayed.