UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MAHFOOZ AHMAD,   :
               Plaintiff,
                                :         ORDER
          -against-                        20 Civ. 4507 (AT) (GWG)
                                :
COLIN DAY, et al.,
                                :
              Defendants.   :
-------------------------------------------------------X
GABRIEL W. GORENSTEIN, United State Magistrate Judge

     There have been a number of recent filings that reflect confusion as to which judge will decide the motion to compel arbitration (see Docket # 55-56, 58-61). Because this case was referred for "general pretrial" (Docket # 7), the motion to compel arbitration will be decided by the undersigned. See Chen-Oster v. Goldman, Sachs & Co., 449 F. Supp. 3d 216, 227 n.1 (S.D.N.Y. 2020) ("District courts in this Circuit regularly have concluded that a motion to compel arbitration and stay litigation pending arbitration is non-dispositive and therefore within a Magistrate Judge's purview to decide without issuing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)") (collecting cases).

     Defendants have filed a motion to strike plaintiff's opposition to the motion to compel arbitration. See First Motion to Strike Document, dated May 5, 2021 (Docket # 55) ("Mot. to Strike"); Letter, filed May 9, 2021 (Docket # 58). The motion to strike was premised on the assumption that Judge Torres would be deciding the motion and thus that her page limits would apply. See Mot. to Strike at 1. Because the undersigned's Individual Practices (¶ 2.D) do not impose page limits, defendants' motion to strike (Docket # 55) is denied. That being said, the Court agrees that some of plaintiff's submission (Docket # 54) is completely irrelevant to the motion to compel arbitration. Obviously, defendant need not (and should not) respond to any arguments unrelated to that motion.

     The defendants also seek an extension of time to respond to the opposition (Docket ## 55, 60), based at least in part on defendants' assertion that the opposition contains irrelevant information or argument. While defendants need not address anything in plaintiff's opposition that is not related to the motion to compel arbitration, the plaintiff has raised a number of factual disputes inasmuch as he has denied receiving or acceding to the agreement which contained the arbitration provision and provides a number of affidavits purporting to show as much. See, e.g., Docket # 54 at 4; Docket # 54-1 at 3, 51. Plaintiff has also submitted documentary evidence on this question. Defendants are permitted, and indeed are expected, to submit one or more sworn statements addressing this issue with their reply papers – particularly given that the declaration already submitted (Declaration of Lisa M. Griffith, dated January 8, 2021) (Docket # 24-1) did not come from an individual with personal knowledge of some of the factual circumstances that

allegedly show plaintiff's alleged agreement to arbitrate.  In light of defendants' apparent need to supply factual materials in response to plaintiff's sworn denial, the Court will grant defendants' request for an extension of their time to make a reply submission until June 10, 2021.

      Additionally, since defendants will be submitting one or more new affidavits in their reply, plaintiff is given leave to file a sur-reply to defendants' reply as long as (1) plaintiff's sur-reply addresses <u>only</u> matters that were raised for the first time in the defendants' reply and (2) plaintiff files the sur-reply by June 17, 2021.  Defendants may file a sur-sur-reply in response to any newly-raised sur-reply arguments by June 24, 2021.  These deadlines will not be extended.  Also, each side may make only <u>one</u> filing (or set of filings) on these dates.  Filings shall not be spread among several dates.

      As to plaintiff's Letter of Financial Hardship (Docket # 62), the Court has no power to affect charges incurred on his PACER account.  Also, the fact that he was granted <u>in forma pauperis</u> status does not permit the Court to provide plaintiff a free PACER account.  Accordingly, to the extent plaintiff seeks to have the undersigned order the Clerk of Court to pay the balance of plaintiff's PACER account, that request is denied.  The Court is unaware if the disabling of the PACER account will affect plaintiff's ability to access new filings made available to him as a result of his previous consent to electronic service.  If it does, plaintiff should file a letter so stating and arrangements will be made either to mail Court orders to plaintiff or, possibly, to see if defendants' counsel can email such orders to plaintiff.

      In any event, defendants should contact plaintiff by email when they file the papers required by this Order to ensure they have been received.

      Finally, the Court reminds the parties that the <u>only</u> papers the Court will consider for purposes of deciding the motion to compel arbitration are the original motion papers filed January 8, 2021 (Docket ## 24, 25), plaintiff's May 3, 2021 filing (Docket # 54), and any future filings compliant with this Order.  <u>See</u> Docket # 48.

      SO ORDERED.

Dated: May 13, 2021
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge