```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MAHFOOZ AHMAD,                          :
                        Plaintiff,
                                        :       ORDER
            -against-                            20 Civ. 4507 (AT) (GWG)
                                        :
COLIN DAY, et al.,
                                        :
                        Defendants.     :
-----------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United State Magistrate Judge**

      In setting up the schedule for the adjudication of the motions to dismiss (e.g., Docket ## 114, 121), the Court did not intend to allow any summary judgment briefing. The reason for this is because, before anything else can occur in this case, the Court must determine whether the existing complaint should be dismissed or not. Thus, plaintiff's motion for summary judgment (Docket # 136) is deemed withdrawn.

      Plaintiff of course needs to file a memorandum of law that addresses the three pending motions to dismiss. The only document other than a memorandum of law that is permitted at this stage is any affidavit or other evidence that plaintiff wishes to offer to dispute solely the statements made in paragraphs 2 through 10 of the Declaration of Megan Goggans Perry, filed Jan. 14, 2022 (Docket # 106), inasmuch as these appear to be the only contested facts outside the pleadings that any defendant has raised in their motions to dismiss.[1] Plaintiff is free to file an affidavit addressing any paragraph in the Perry declaration as long as he also files a memorandum of law.[2]

      For purposes of filing his memorandum of law in opposition to the motion to dismiss, plaintiff is free to rely on his existing memorandum of law (Docket # 137) if he wishes. In fact, unless plaintiff states otherwise, the Court will assume that Docket # 137 constitutes his filing in opposition to the three motions to dismiss. If plaintiff wishes instead to file a new memorandum of law, he has leave to do so provided the new memorandum of law is filed by March 15, 2022.

---

    [1] We note that some defendants have referenced exhibits filed by plaintiff with his Opposition to Motion to Compel Arbitration (Docket # 54). See, e.g., Memorandum of Law in Support of Navi Health's Partial Motion to Dismiss, filed Jan. 14, 2022 (Docket # 105), at 1-8, 12, 16. The Court does not view these facts, originally introduced by plaintiff, as being contested for purposes of the defendants' motions to dismiss.

    [2] Plaintiff may also file an affidavit that complies with the Court's Order of January 25, 2022 (Docket # 125).

Plaintiff is cautioned that if he files a new memorandum of law, it will <u>replace</u>, not supplement, any prior filings.  Thus, if a new memorandum of law is filed, plaintiff must include <u>all</u> arguments he has in opposition to the motions to dismiss.

      Any reply to plaintiff's opposition is due by March 29, 2022.

      SO ORDERED.

Dated: February 24, 2022
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge