UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHFOOZ AHMAD,

                Plaintiff,

-against-

COLIN DAY, COURTNEY DUTTER, iCIMS INC,
BEACON HILL STAFFING GROUP, NAVI HEALTH
INC, and VISTA EQUITY PARTNERS,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/6/2022___

20 Civ. 4507 (AT) (GWG)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Mahfooz Ahmad, brings this action raising claims of employment discrimination and unlawful termination against Defendants Colin Day, Courtney Dutter, and iCIMS Inc., his former employer; and what the Court construes to be claims of intellectual property infringement, fraud, and misrepresentation against Defendants naviHealth Inc. ("naviHealth"), Beacon Hill Staffing Group ("Beacon"), and Vista Equity Partners ("Vista," and together with naviHealth and Beacon, "Movants"). Am. Compl., ECF No. 76. Movants each filed a motion to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), and for lack of Article III standing. *See* naviHealth Mot., ECF No. 104; Beacon Mot., ECF No. 109; Vista Mot., ECF No. 117. On January 19, 2022, this Court referred the motions to the Honorable Gabriel W. Gorenstein for a report and recommendation. ECF No. 120.

    Before the Court is Judge Gorenstein's Report and Recommendation (the "R&R"), which recommends that Movants' motions be granted, and that Plaintiff's claims against Movants be dismissed. R&R, ECF No. 155. Plaintiff timely filed objections to the R&R, Pl. Objs., ECF No. 161, and each Movant filed a response, *see* Beacon Reply, ECF No. 162; Vista Reply, ECF No. 163; naviHealth Reply, ECF No. 164. For the reasons stated below, Plaintiff's objections are

OVERRULED, and the Court ADOPTS the R&R in its entirety. Movants' motions to dismiss Plaintiff's claims against them are GRANTED.

## DISCUSSION[1]

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). And, the Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation omitted). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's

---

[1] The Court presumes familiarity with the facts and procedural history of this matter as detailed in the R&R, *see* R&R at 2–4, and does not summarize them here.

proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted). And, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).

## II. Plaintiff's Objections

### A. Jurisdiction

The R&R recommends dismissal of Plaintiff's claims against Vista under Federal Rule of Civil Procedure 12(b)(2), because this Court lacks jurisdiction over Vista as to Plaintiff's claims. R&R at 9–12. Specifically, the R&R finds that Plaintiff's limited factual allegations with respect to Vista failed to establish either general or specific jurisdiction under New York law. *See generally id.* Plaintiff's objections raise several new factual allegations, asserting, among other things, that Vista allegedly acquired a start-up in New York under false pretenses to "illegitimately cover up and copy . . . [P]laintiff's invention," and that Vista's actions caused him to lose his home and marriage. Pl. Objs. at 6, 10–11.

Construing Plaintiff's claims liberally, Plaintiff appears to argue that these new allegations establish that Vista committed a tort in New York, which would provide a basis for specific jurisdiction under New York law. *See* N.Y. C.P.L.R. § 302 (establishing specific jurisdiction for defendant who commits a "tortious act" within the state and either regularly does or solicits business in New York, or reasonably expects the act to have consequences in the state and derives substantial revenue from interstate or international commerce). But, Plaintiff does not raise any of these allegations in the Amended Complaint. Indeed, as the R&R notes, Plaintiff's factual allegations as to Vista are limited to asserting that Vista invested in iCIMS Inc., Plaintiff's former

3

employer, shortly after his termination. *See* R&R at 11–12 (citing Am. Compl. at 11). And, new factual assertions "cannot properly be raised for the first time" in Plaintiff's objections, and "indeed may not be deemed objections at all." *Razzoli*, 2014 WL 2440771, at *5.

The Court, accordingly, reviews this portion of the R&R for clear error only, and finds none. The R&R correctly concludes that Plaintiff's limited factual allegations do not establish that Vista "committed a tortious act merely by investing money in iCIMS." R&R at 12. It further finds that Plaintiff failed to plead the other statutory requirements necessary for specific jurisdiction under New York law. *See id.* at 11–12. Plaintiff's objections as to his claims against Vista are, therefore, OVERRULED.

    B. Standing

The R&R next recommends dismissal of Plaintiff's claims against naviHealth and Beacon on the ground that Plaintiff lacks standing, because Plaintiff fails to plead that his alleged injuries are "traceable to the conduct he alleges [by naviHealth and Beacon] in the Amended Complaint." *See* R&R at 6–9. In his objections, Plaintiff again adduces new factual allegations—alleging that naviHealth and Beacon made "false statements" and "promises" to Plaintiff of permanent employment to entice him into accepting a job offer; and that Plaintiff's "bad financial situation" and the loss of his home and marriage are, again, attributable to naviHealth and Beacon's actions. Pl. Objs. at 9–11. As stated, new factual allegations "may not be deemed objections," *see Razzoli*, 2014 WL 2440771, at *5, and the Court again reviews this portion of the R&R for clear error only.

Again, the Court finds no clear error in the R&R's conclusions. As the R&R correctly notes, in the Amended Complaint, Plaintiff alleges that he received an "unsolicited" communication from Beacon to work with naviHealth, and that he was "lured into accepting this

4

new (misrepresented) job offer along with signing of a (misrepresented) agreement." R&R at 3–4, 7 (citing Am. Compl. at 11–12). Plaintiff further alleges that the "new job was a scam." Am. Compl. at 4. Even if the Court credits Plaintiff's new factual allegations that Beacon and naviHealth somehow tricked Plaintiff into signing the agreements at issue with the promise of permanent employment, the defect remains the same. There is no discernible causal connection between these actions, and Plaintiff's claimed injury—the misappropriation of his invention by his former employer, iCIMS. *See id.* at 7–9. For these reasons, Plaintiff cannot show that his injury is "fairly [] traceable to the challenged action of the defendant[s]," and has not established standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). Plaintiff's objections as to his claims against naviHealth and Beacon are, therefore, OVERRULED.

The Court has reviewed the remainder of the thorough and well-reasoned R&R and finds no clear error. Accordingly, Plaintiff's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety.

Plaintiff seeks leave to file a second amended complaint, *see* Pl. Objs. at 11–13. "A *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). It is possible that Plaintiff may be able to cure some of the deficiencies outlined above in an amended pleading, particularly because he named Movants as defendants for the first time in filing the Amended Complaint, and has not had an opportunity to cure any pleading deficits as to the Movants. Accordingly, by **July 27, 2022**, Plaintiff shall file a motion for leave to amend the complaint, returnable before Judge Gorenstein, and attaching his proposed second amended complaint as an exhibit to his motion. If Plaintiff fails to do so, his claims against Movants shall be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Plaintiff's objections are OVERRULED, and ADOPTS the R&R in its entirety. Movants' motions to dismiss Plaintiff's claims against them are GRANTED. By **July 27, 2022**, Plaintiff shall file any motion for leave to amend the complaint. Failure to do so shall result in the dismissal of Plaintiff's claims against Movants with prejudice. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 104, 109, and 117.

SO ORDERED.

Dated: July 6, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge