**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAHFOOZ AHMAD,

                    Plaintiff,               Case No: 1:20-cv-04507 (JMF)

v.

COLIN DAY, et al.,

                    Defendants.

---

**PLAINTIFFS COMBINED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND FINDINGS AND ALTER OR AMEND JUDGMENT**

## INTRODUCTION

Plaintiff Mahfooz Ahmad respectfully moves this Court, pursuant to **Federal Rules of Civil Procedure 52(b) and 59(e)**, to amend the Court's findings and alter or amend its Order dated March 26, 2026 (ECF No. 251), which denied Plaintiff's motion under Rule 60(b)(6) as "untimely and frivolous."

This case presents a procedural posture in which two prior rulings—ECF Order No. 187 and ECF Order No. 236—imposed incompatible pleading requirements. As a result, Plaintiff was placed in a position where compliance with one order resulted in non-compliance with the other.

This structural inconsistency constitutes clear error and manifest injustice warranting relief.

## PROCEDURAL HISTORY

Plaintiff initiated this action asserting claims relating to employment discrimination, retaliation, wage violations, and misappropriation of intellectual property and the effects of these wrongdoings are up to date.

Following the First Amended Complaint, additional defendants were introduced as new facts emerged. Multiple defendants filed separate motions to dismiss, resulting in a fragmented procedural process.

Plaintiff then filed a Proposed Second Amended Complaint (ECF No. 168-1), alleging coordinated and collective conduct among defendants, including discrimination, retaliation, and intellectual property misappropriation.

In **Order 187**, the Court rejected allegations that "lump all the defendants together," finding that such undifferentiated pleading fails to satisfy Rule 8.

Plaintiff subsequently filed a revised Second Amended Complaint (ECF No. 188), attempting to comply with the order 187 directive.

In **Order 236**, the Court dismissed the remaining claims under Rule 12(b)(6), holding that the complaint failed to allege sufficient facts tying conduct to individual defendants.

Plaintiff filed a Rule 60(b)(6) motion, which the Court denied in **Order 251** as "untimely and frivolous."

## STANDARD OF REVIEW

Relief under Rule 59(e) is appropriate where the movant demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. See *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Under Rule 52(b), a court may amend its findings to correct clear factual or legal error or to address issues that were overlooked.

Relief under Rule 60(b)(6) is warranted where extraordinary circumstances justify reopening a judgment. See *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

## ARGUMENT

## I. THE COURT'S PRIOR ORDERS CREATED A PROCEDURAL CATCH-22

This case presents a structural inconsistency arising from the interaction of Orders 187 and 236.

In Order 187, the Court rejected collective pleading, stating that allegations which "lump all the defendants together" fail to satisfy Rule 8.

In Order 236, the Court dismissed the complaint for failure to allege sufficient individualized facts linking conduct to each defendant.

Taken together, these rulings imposed mutually incompatible requirements. Plaintiff could not plead collectively, yet individualized pleading—after removal of collective allegations—was deemed insufficient.

Where claims involve coordinated conduct among multiple actors, disaggregating allegations necessarily reduces factual coherence. By requiring both disaggregation and detailed individualized pleading, the Court imposed obligations that could not simultaneously be satisfied.

This constitutes clear error and results in manifest injustice.

## II. THE COURT FAILED TO EVALUATE THE COLLECTIVE NATURE OF THE ALLEGATIONS

Plaintiff's pleadings consistently alleged coordinated conduct among defendants acting jointly and in concert.

Under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), plausibility is a context-specific inquiry.

Where conduct is inherently collective, plausibility cannot be assessed through isolated evaluation of individual actors alone. By disregarding collective allegations, the Court removed the factual framework necessary to evaluate the claims as pleaded.

## III. THE PRO SE STANDARD WAS NOT FULLY APPLIED

Pro se pleadings must be liberally construed and interpreted to raise the strongest arguments they suggest. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Although the Court acknowledged this principle, the application of pleading standards imposed a level of specificity inconsistent with that obligation.

The exclusion of collective allegations, combined with heightened individualized pleading requirements, effectively subjected Plaintiff to a stricter standard than permitted.

## IV. PLAINTIFF WAS NOT GIVEN A MEANINGFUL OPPORTUNITY TO AMEND

Rule 15(a) provides that leave to amend should be freely given. See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiff's ability to amend was constrained by:

- rejection of collective pleading

- removal of defendants
- lack of guidance on reconciling pleading requirements

As a result, Plaintiff was not afforded a meaningful opportunity to cure deficiencies created by the Court's directives.

## V. THE RULE 60(b)(6) MOTION WAS NOT FRIVOLOUS OR UNTIMELY

The Court characterized Plaintiff's Rule 60(b)(6) motion as "untimely and frivolous."

However, the motion was filed promptly after the appeal process, and a significant change in law resulting from the U.S. Supreme Courts *Muldrow* order, lowering the bar for discrimination claims. The ruling rejected the longstanding, stringent requirement that employees must prove "significant," "substantial," or "material" harm to establish an adverse employment action.  The New "Some Harm" standard lowered threshold, employees now only need to show "some harm".

The incompatibility of the Court's prior rulings in this case combined with the change in law are sufficient bases to reopen the judgment.

A motion is not frivolous where it presents a non-meritorious but arguable legal claim. Here, Plaintiff identified a structural issue affecting the integrity of the proceedings.

## VI. EXTRAORDINARY CIRCUMSTANCES WARRANT RELIEF

Relief under Rule 60(b)(6) requires extraordinary circumstances. See *Gonzalez*, 545 U.S. at 535.

The following factors, taken together, satisfy that standard:
- conflicting pleading requirements imposed by ECF Order Nos. 187 and 236
- fragmentation of claims across multiple motions to dismiss
- lack of opportunity to plead coordinated conduct coherently
- lack of meaningful opportunity to amend after new defendants added
- Plaintiff's pro se status

These circumstances reflect a procedural framework that prevented fair adjudication and warrant reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Amend its findings under Rule 52(b).
2. Alter or amend its judgment under Rule 59(e).
3. Vacate Order 251.
4. Reconsider Plaintiff's Rule 60(b)(6) motion; and
5. Grant leave to amend the complaint.

Respectfully submitted,
Mahfooz Ahmad (Pro Se)
224 Porters Hill Rd, Monroe, CT 06468
T: +1(475) 342-1915                                                    April 15, 2026.
E: live.mahfooz@gmail.com

---

### DECLARATION / AFFIDAVIT OF PLAINTIFF

I, Mahfooz Ahmad, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am the Plaintiff in the above-captioned matter and make this declaration in support of my Rule 52 (b), and Rule 59 (e) motion, that when ECF Order No. 187 and ECF Order No. 236, when read together, imposed conflicting pleading requirements, such that compliance with one Order necessarily resulted in non-compliance with the other, thereby creating a procedural inconsistency.
2. The dismissal of this case was based on a legal standard that has since been changed by the Supreme Court in the case of, *Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024).
3. That I respectfully request leave to amend the complaint in a manner that permits compliance with the Court's prior Orders, recognizing that certain aspects of those Orders, when read together, may present challenges in consistent application.

Mahfooz Ahmad (Pro Se)
224 Porters Hill Rd, Monroe, CT 06468
T: +1(475) 342-1915                                                    April 15, 2026.

---

### CERTIFICATE OF SERVICE

I hereby certify that on Apil 15, 2026, I served a true and correct copy of this motion, including the affidavit, and certificate of service, to the following parties via the Court's ECF filing system and via email:

Colin Day, Courtney Dutter, iCIMS Inc.
Counsel: Matthew R. Capobianco, Lisa Marie Griffith
LGriffith@littler.com; MCapobianco@littler.com;
Littler Mendelson, P.C.
290 Broadhollow Rd, Suite 305, Melville, NY 11747

Navi Health Inc.
Counsel: Joseph Brent Crace, Jr., Robert W. Horton
bhorton@bassberry.com;
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800, Nashville, TN 37201

Beacon Hill Staffing Group
Counsel: Riyaz Gulam Bhimani
RBhimani@eckertseamans.com;
Eckert, Seamans, Cherin & Mellott LLC
10 Bank Street, Suite 700, White Plains, NY 10606

Vista Equity Partners
Counsel: Matthew Osborn Solum
msolum@kirkland.com;
Kirkland & Ellis LLP
601 Lexington Avenue, New York, NY 10022

I declare under 28 U.S.C. § 1746 penalty of perjury that the foregoing is true and correct.

Mahfooz Ahmad (Pro Se)
224 Porters Hill Rd, Monroe, CT 06468                                        April 15, 2026.
T: +1(475) 342-1915

Plaintiff's motion, which the Court construes as a motion for reconsideration, is hereby DENIED.  The Clerk of Court is directed to terminate ECF No. 252 and to mail a copy of this endorsed letter to Plaintiff.

SO ORDERED.

April 21, 2026